UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES | |
|---|---|
| v. | Case No. 1:20-cr-10263-PBS-2 |
| DAVID HARVILLE | |

### DEFENDANT DAVID HARVILLE'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL GOVERNMENT TO SUPPLEMENT DISCOVERY[1]

Defendant David Harville ("Defendant") hereby submits his memorandum in support of *Defendant's Motion To Compel Government To Supplement Discovery And Request For Hearing*.

#### RELEVANT PROCEDURAL BACKGROUND

The above-captioned matter involves a multi-count indictment in which Defendant is charged with the following offenses: conspiracy to commit stalking through interstate travel and facilities of interstate commerce (18 USC § 371); stalking through interstate travel (18 USC § 2261A(1)); stalking through facilities of interstate commerce (18 USC § 2261A(2)); 18 USC § 1512(b)(3) (witness tampering); and fabrication and destruction of records in a federal investigation (18 USC § 1519). The Government has produced a voluminous amount of automatic discovery in several installments beginning in December 2020.

After the Government represented the completion of its automatic discovery, Defendant served a written request for additional discovery dated June 14, 2021 in accordance with Local Rule 116.3. See Document No. 60. On June 22, 2021, the Government served its written response,

---

[1] On August 13, 2021, Defendant filed *Defendant's Assented-To Motion To File Under Seal Select Documents In Support Of Defendant's Forthcoming Motion To Compel Government To Supplement Discovery* (Document No. 72). Pending action thereon by the Court, Defendant is filing place holders for said exhibits in light of the Court's *Protective Order* dated December 16, 2020 (Document No. 44).

1

and produced additional discovery. See Document No. 61. On June 29, 2021, defendant James Baugh ("Baugh"), through his counsel, served a written request for discovery under Local Rule 116.3 to which the Government responded in its letter of July 22, 2021, and produced additional discovery. See Document Nos. 62 and 67, respectively.

## LEGAL STANDARD

Fed. R. Crim. P. 16(a)(1)(E) provides that the Government must permit a defendant access to various categories of "Documents and Objects" so long as the discovery is "…within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Local Rule 116.1(c)(1) of this Court provides, in part, that "[a]ll of the information to which the defendant is entitled under Fed. R. Crim. P. 16(a)(1)" must be produced within twenty-eight (28) days of arraignment. In addition, Local Rule 116.2 governs the disclosure of exculpatory evidence, and subsection 116.2(a) thereunder provides various examples of how "exculpatory evidence" may be defined.

Subsection (a) of 18 U.S.C.A. § 3500 ("Jenks Act") states that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The timing for *Jenks* material motion practice is governed by Fed. R. Crim. P. 26.2 concerning witness testimony in a substantive evidentiary proceeding. See Fed. R. Crim. P. 26.2(a); J*encks v. United States*, 353 U.S. 657 (1957) (parallel citations omitted).

## ARGUMENT

**Request No. 2** of Defendant's June 14, 2021 discovery letter (Document No. 60) seeks *"[a]ll "302" reports created by the Government concerning the subject matter of the indictments in the above-referenced matter."* **Request No. 4** of Defendant's discovery letter seeks *"[p]retrial production of Jencks Act material concerning the subject matter of the indictments in the above-[captioned] matter."* Defendant specified that, *"…at a minimum, Defendant seeks Jenks Act material for all unindicted co-conspirators identified under "Section E" ("Unindicted Coconspirators under Local Rule 116.1(C)(1)(e))" of the Government's discovery disclosure letter dated December 21, 2020."*

Defendant's discovery letter at **Request No. 4** further explains that *"…early production of Jencks Act material in advance of trial is important in this particular case given the number of individuals involved and the volume of discovery…"* that *"…it would be prejudicial to defendants to first access Jenks Act material so close in time to witness testimony should this matter proceed to trial…"* and that *"…it is difficult to craft a more specific request without access to the "302" reports."* See Document No. 60.

The nature and circumstances of a given case can warrant a determination by the Court as to whether *Jenks* material may be inextricably tied to *Brady/Giglio* discovery, and if so, whether the Court should invoke its inherent power to protect a defendant's Fifth and Sixth Amendment rights to due process, confrontation and effective assistance of counsel. See, e.g., *United States v. Snell*, 899 F. Supp. 17, 24 (D. Mass. 1995).

Among the discovery the Government produced are communications between the Government and the law firm Morgan, Lewis & Bockius LLP (and Phelan Law LLC) as outside counsel for eBay. Attached hereto at **Exhibit A** are examples of numerous substantive

communications concerning the investigation. As the documents at **Exhibit A** reflect, counsel for eBay and the Government collaborated extensively with respect to the Government's investigation. Notably, eBay's counsel provided the Government with documents and information including—but not limited to—digital forensics analysis of company-issued electronic devices, email addresses for various individuals, web browsing activity, call logs, text messaging activity, as well as information related to company personnel/human resources. Among the written correspondence from eBay's outside counsel to the Government are representations about evidence surrounding the "wiping" of electronically stored information and submittals of business expenses by individual(s) who have become cooperating witnesses for the Government. See, e.g., **Exhibit A** at USA_BH_0048074 - USA_BH_0048076.

In addition, the information exchanged between the Government and eBay is relevant to the issue of whether Defendant's privacy interests were impacted by a Government directed search. Any violation of Defendant's constitutional rights would be exculpatory in nature, or could mitigate guilt. See *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976); *Giglio v. United States*, 405 U.S. 150 (1972).

The basis for Defendant's argument concerning **Request No. 2** and **Request No. 4** of his June 14, 2021 discovery letter is essentially the same. Defendant's initial **Request No. 2**. sought ***"[a]ll '302' reports created by the Government concerning the subject matter of the indictments in the [above-captioned] matter."*** The Government responded, in part, declining to produce any "302" reports positing they are not *per se* discoverable because of their nature alone, and *"...if such reports contain Jencks or other discoverable information, the government intends to produce them in accordance with its obligations under the Jencks Act and the Local Rules."* (emphasis added). See Document No. 61.

4

Defendant is narrowing **Request No. 2** to those individuals the Government identified in its initial discovery disclosure letter of December 21, 2020, a copy of which is attached hereto at **Exhibit B**, who are cooperating witnesses. Local Rule 116.2 of this Court classifies such information as exculpatory evidence because cooperation agreements tied to plea agreements amount to a promise, reward or inducement. Therefore, the reconciliation of timing between the immediacy of *Brady/Giglio* material, versus the later disclosure of *Jenks* material also applies to **Request No. 4** of Defendant's June 14, 2021 discovery letter (Document No. 60).

If discovery of cooperation with the Government qualifies as exculpatory evidence, then Defendant respectfully submits the statements cooperating witnesses made to the Government in exchange for the benefit of their "cooperation" amount to *Brady* material that should not bound by the timing strictures of *Jencks*. See *United States v. Snell*, 899 F. Supp. 17, 24 (D. Mass. 1995). Notably, Local Rule 116.2 of this Court contemplates such early disclosure when evidence is of an exculpatory nature, and deference to the local rule should be given when principles of fairness and justice so mandate. See *Id.* at 21 (citing *United States v. Five Persons*, 472 F. Supp. 64 (D.N.J.1979) for the proposition that a local rule requiring early disclosure of exculpatory evidence trumps Jencks act.) The Government should also produce the "302" reports to the extent they contain any evidence that a prospective witness is biased or prejudiced against Defendant, or has a motive to falsify or distort his or her testimony. See *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). Therefore, the Government should be ordered to produce the "302" reports to the extent they contain exculpatory *Brady/Giglio* material, including promises (express or implied) made by the Government to any witnesses in exchange for their testimony in the above-captioned matter. See, e.g., *United States v. Bagley,* 473 U.S. 667, 675 (1985) (parallel citation omitted) ("The Brady rule is based on the requirement of due process. Its purpose is not to displace the adversary system as

the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur."). [2]

Included in the Government's supplemental discovery production in response Baugh's letter are Natick Police Department reports and various email communications between or among the Natick Police Department, FBI and/or the alleged victims. See Document No. 62. Examples of these documents are attached hereto at **Exhibit B**, among which, is an email between law enforcement officials concerning the scope of cooperation by the alleged victims and its impact on the investigation. See **Exhibit B** at USA_BH_0048160. The Government's discovery production to date also contains a letter from the Natick Police Department to eBay dated August 21, 2019, a copy of which is attached hereto at **Exhibit C**. The letter indicates, among other information, that one of the individuals the Government has now identified as a cooperating witness (subject to proffer and cooperation agreements) engaged in deceptive behavior after speaking with members of law enforcement. The same individual is now afforded an opportunity to cooperate when the Government knows this potential witness tried to deceive it. This potential witness' statement(s) reduced to a "302" report should therefore be produced on *Brady/Giglio* grounds. This example is the very type of exculpatory information contemplated by Local Rule 116.2(a)(3) because the witness' conduct could "…cast doubt on the credibility or accuracy of any evidence that the government anticipates using in its case-in-chief."

---

[2] The following language from Footnote 8 of *United States v. Bagley*, 473 U.S. at 675 (1985), is compelling:

> By requiring the prosecutor to assist the defense in making its case, the *Brady* rule represents a limited departure from a pure adversary model. The Court has recognized, however, that the prosecutor's role transcends that of an adversary: he "is the representative not of an ordinary party to a controversy, but of a sovereignty ... whose interest ... in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States,* 295 U.S. 78, 88, 55 S. Ct. 629, 633, 79 L.Ed. 1314 (1935). See *Brady v. Maryland,* 373 U.S., at 87–88, 83 S. Ct., at 1196–1197.

Defendant anticipates the Government's position as to his **Request No. 2** and **Request No. 4** will be that the requests seek *Jencks* material, and there is no obligation to produce such discovery to Defendant at the present time. See 18 U.S.C. § 3000(a). The above-captioned matter, however, warrants early production of what may also be categorized as *Jencks* material because the nature and circumstances of this particular case presents an inextricable tie between Jenks and *Brady/Giglio* material. When such a unique intersection exists, the Court should respectfully order the Government to ensure the protection of Defendant's constitutional rights as contemplated by Local Rule 116.2. See *United States v. Snell*, 899 F. Supp. at 21 ("…in seeking to harmonize the Jencks act and *Brady,* it makes no sense to indulge in a crabbed interpretation of a constitutional right, like *Brady,* and an expansive interpretation of a statutory one, like Jencks.") (citing *United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C.1989) ("The Brady obligations are not modified merely because they happen to arise in the context of witness statements. The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, and it is so ordered.").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court allow his motion to compel the Government to supplement discovery.

**[Signature Block on Following Page]**

Dated: August 13, 2021

Respectfully submitted,

**DEFENDANT DAVID HARVILLE**

By his attorneys,

/s/ *Daniel K. Gelb*
Daniel K. Gelb, Esquire
BBO# 659703
**GELB & GELB LLP**
900 Cummings Center, Suite 207-V
Beverly, Massachusetts 01915
Telephone (617) 345-0010
Facsimile (617) 345-0009
dgelb@gelbgelb.com


Jonathan D. McDougall, Esquire
**THE LAW OFFICE OF**
**JONATHAN D. MCDOUGALL**
1640 Laurel Street
San Carlos, CA 94070
Tel. (650) 594-4200
Fax (650) 594-4205
jmcdougall.law@gmail.com
***(appearing pro hac vice)***


## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on August 13, 2021 this document was electronically filed with the Clerk of Court for the United States District Court for the District of Massachusetts using the CM/ECF system, which will send a notice of electronic filing (NEF) to all registered participants in the above-captioned action.

/s/ *Daniel K. Gelb*
Daniel K. Gelb, Esquire

# EXHIBIT A

**Place Holder Pending Court Action on Defendant's Assented-To Motion to Seal (Document No. 72)**

# EXHIBIT B

**Place Holder Pending Court Action on Defendant's Assented-To Motion to Seal (Document No. 72)**

# EXHIBIT C

**Place Holder Pending Court Action on Defendant's Assented-To Motion to Seal
(Document No. 72)**