

**U.S. Department of Justice**

***Nathaniel R. Mendell***
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 1, 2021

<u>BY ECF</u>

The Honorable Patti B. Saris
United States District Judge
  for the District of Massachusetts
Joseph B. Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02210

     Re:    *United States v. Baugh et al.*, 20-CR-10263-PBS

Dear Judge Saris:

     At this morning's hearing, I referenced First Circuit precedent concerning the scope of the witness tampering statute, 18 U.S.C. § 1512(b)(3).  The controlling case is *United States v. Bailey*, 405 F.3d 102, 107 (1st Cir. 2005).  I have emailed a courtesy copy of *Bailey* to the Court's deputy clerk.

     Bailey was a guard at the Nashua Street Jail ("NSJ").  He lied to Suffolk County investigators who were conducting an "internal inquiry" about an assault on a pre-trial detainee. *Bailey*, 405 F.3d at 107.  The county investigators reduced Bailey's false statements to a report that the FBI obtained as part of a later federal investigation into excessive force at the NSJ.  The false statements to the investigators led to the witness tampering charges against Bailey.

     Bailey argued that his conviction for witness tampering required that a federal investigation have been either ongoing or imminent at the time he lied to the investigators.  The First Circuit rejected the argument:

> Nothing in [18 U.S.C. § 1512(b)(3)] implies that a federal
> investigation must be imminent or underway at the time of the
> actus reus.  To the contrary, and as several circuits have
> recognized, the statutory language suggests that Congress intended
> § 1512(b)(3) not merely to safeguard the integrity of ongoing or
> imminent federal investigations, but more broadly to facilitate
> federal law enforcement's ability to gather information about

possible federal crimes—including federal crimes that are not yet under investigation at the time of the offense.

*Id.* at 108.

There is accordingly no requirement that a federal investigation into the harassment of the Victims have been underway or imminent when defendants Baugh and Harville made their first false statements to eBay's Attorney Vonsover on August 23, 2019—the statements charged in paragraphs 16iii and jjj of the Indictment. As a practical matter, a federal investigation *was* imminent—a Native Police Department detective (who was also a federal task force officer) had reached out to the FBI about the harassment of the victims the day before.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

_____

By: SETH B. KOSTO
Assistant United States Attorney

cc:     Counsel of record by ECF

2