UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DAVID HARVILLE | Case No. 1:20-cr-10263-PBS-2 |

**DEFENDANT DAVID HARVILLE'S MEMORANDUM IN SUPPORT
OF HIS MOTION TO DISMISS THE INDICTMENT**

Daniel K. Gelb, Esquire
BBO# 659703
**GELB & GELB LLP**
900 Cummings Center, Suite 207-V
Beverly, Massachusetts 01915
Telephone (617) 345-0010
Fax (617) 345-0009
dgelb@gelbgelb.com


Jonathan D. McDougall, Esquire
**THE LAW OFFICE OF
JONATHAN D. MCDOUGALL**
1640 Laurel Street
San Carlos, CA 94070
Telephone (650) 594-4200
Fax (650) 594-4205
jmcdougall.law@gmail.com
*(appearing pro hac vice)*

Dated: October 29, 2021

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 1

INTRODUCTION ............................................................................................................... 4

LEGAL STANDARD .......................................................................................................... 5

ARGUMENT ..................................................................................................................... 6

    I.    The Indictment Should Be Dismissed On "Duplicity" And "Multiplicity" Grounds. .................................................................................... 6

    II.    Count 8 And Count 9 Of The Indictment Fail To State A "Course Of Conduct" As Defined By 18 U.S.C. 2266(2). ............................................. 8

    III.    Count 12 Of The Indictment Fails To State The Nexus Between The Person Allegedly Misled And Whether The Information Would Be Relayed To A Federal Official Under 18 U.S.C. 1512(B)(3). ....................... 9

    IV.    The Indictment Does Not Meet The Statutory Jurisdictional Requirement Under 18 U.S.C. § 1519. ........................................................ 12

    V.    Unspecified Contents Of An eBay-Issued Cell Phone Are Not *Per Se* "Records, Documents, And Tangible Objects" Under 18 U.S.C. § 1519. ................................................................................................................ 13

    VI.    The District Of Massachusetts Is Not The Proper Venue For Prosecuting Count 12 And Count 15. ........................................................... 14

CONCLUSION ................................................................................................................ 15

## TABLE OF AUTHORITIES

**CASES**                                                     **PAGES(S)**

*Marx v. United States*,
  86 F.2d 245 (8th Cir. 1936) ----------------------------------------------------------------- 8

*Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*,
  290 F.3d 1058 (9th Cir. 2002) ------------------------------------------------------------- 9

*Russell v. United States*,
  369 U.S. 749 (1962) ------------------------------------------------------------------------ 6

*United States v. Aguilar*,
  515 U.S. 593 (1995) -----------------------------------------------------------------------13

*United States v. Bailey*,
  405 F.3d 102 (1st Cir. 2005) -------------------------------------------------------------11

*United States v. Baldyga*,
  233 F.3d 674 (1st Cir. 2000) -------------------------------------------------------- 10, 11

*United States v. Bell*,
  303 F.3d 1187 (9th Cir. 2002) ----------------------------------------------------------- 9

*United States v. Brissette*,
  919 F.3d 670 (1st Cir.  2019) ------------------------------------------------------------ 5

*United States v. Burton*,
  871 F.2d 1566 (11th Cir. 1989) ----------------------------------------------------- 7, 8

*United States v. Chagra*,
  494 F. Supp. 908 (D. Mass. 1980)-----------------------------------------------------15

*United States v. Debrow*,
  346 U.S. 374 (1953) ----------------------------------------------------------------------5, 14

*United States v. Gray*,
  642 F.3d 371 (2d Cir. 2011)---------------------------------------------------------- 12, 13

*United States v. Guadalupe*,
  402 F.3d 409 (3d Cir. 2005)---------------------------------------------------------------11

*United States v. Huguenin*,
  950 F.2d 23 (1st Cir. 1991)---------------------------------------------------------------- 7

*United States v. McRae*,
  702 F.3d 806 (5th Cir. 2012) ---------------------------------------------------------------------------13

*United States v. Moyer*,
  726 F. Supp. 2d 498 (M.D. Pa. 2010) ---------------------------------------------------------12, 13, 14

*United States v. Musso*,
  914 F.3d 26 (1st Cir. 2019) ----------------------------------------------------------------------------- 5

*United States v. Salinas*,
  373 F.3d 161 (1st Cir. 2004) --------------------------------------------------------------------------- 6

*United States v. Seward*,
  967 F.3d 57 (1st Cir. 2020) ----------------------------------------------------------------------------14

*United States v. Stewart*,
  744 F.3d 17 (1st Cir. 2014) ----------------------------------------------------------------------------- 5

*United States v. Valerio*,
  48 F.3d 58 (1st Cir.1995) ----------------------------------------------------------------------------- 6, 7

*United States v. Verrecchia*,
  196 F.3d 294 (1st Cir. 1999) --------------------------------------------------------------------------- 6

*Yates v. United States*,
  574 U.S. 528 (2015) ------------------------------------------------------------------------------------14

**STATUTES**

18 U.S.C. 2266(2) ------------------------------------------------------------------------------------- 8, 9

18 U.S.C. § 115(c)(2) --------------------------------------------------------------------------------- 7, 8

18 U.S.C. § 371 ----------------------------------------------------------------------------------------- 4, 8

18 U.S.C. § 1512 ----------------------------------------------------------------------------------------10

18 U.S.C. § 1515(a)(4) --------------------------------------------------------------------------------10

18 U.S.C. § 2261A ------------------------------------------------------------------------------------- 7, 9

18 U.S.C. § 2261B ------------------------------------------------------------------------------------- 7, 8

18 U.S.C. §§ 1512(b)(3) -------------------------------------------------------------------------- Passim

18 U.S.C. §§ 1519 --------------------------------------------------------------------------------- Passim

18 U.S.C. §§ 2261(b) or 2261B ------------------------------------------------------------------------- 7, 8

18 U.S.C. §§ 2261A(1)(B) ---------------------------------------------------------------------------- 4, 6, 7, 8

18 U.S.C. §§ 2261A(1)(B) and 2261A(2)(B) -------------------------------------------------------- 6, 7

18 U.S.C. §§ 2261A(2)(B) ---------------------------------------------------------------------------- 4, 6, 7, 8

**Rules**

Fed. R. Crim. P. 7(c) --------------------------------------------------------------------------------------- 6

Fed. R. Crim. P. 7(c)(1) ----------------------------------------------------------------------------------- 5

Fed. R. Crim. P. 12(b) ---------------------------------------------------------------------------------- 5, 14

Fed. R. Crim. P. 12(b)(3) --------------------------------------------------------------------------------- 6

Fed. R. Crim. P. 12(b)(3)(A)(i) ------------------------------------------------------------------------- 15

Fed. R. Crim. P. 12(b)(3)(B)(i)-(ii) -------------------------------------------------------------------- 6

Fed. R. Crim. P. 18 ----------------------------------------------------------------------------------------- 5

Defendant Davis Harville (hereinafter, "Harville") hereby submits the within memorandum in support of *Defendant David Harville's Motion To Dismiss The Indictment And Request For Hearing* filed concurrently herewith.

## INTRODUCTION

The Indictment charges Harville and Jim Baugh (herein, "Baugh")—the co-defendant in the above-captioned matter—with various offenses. The counts in the Indictment with which Harville is charged are listed in the table below:

| **Count 1** | *Conspiracy To Commit Stalking Through Interstate Travel And Facilities Of Interstate Commerce* <br> (18 U.S.C. § 371) |
|---|---|
| **Count 4 & Count 5** | *Stalking Through Interstate Travel* <br> (18 U.S.C. §§ 2261A(1)(B) and 2) |
| **Count 8 & Count 9** | *Stalking Through Facilities Of Interstate Commerce* <br> (18 U.S.C. §§ 2261A(2)(B) and 2) |
| **Count 12** | *Tampering with a Witness* <br> (18 U.S.C. §§ 1512(b)(3) and 2) |
| **Count 15** | *Destruction, Alteration, and Fabrication of Records in a Federal Investigation* <br> (18 U.S.C. §§ 1519 and 2) |

The Indictment states numerous allegations concerning the "Background and Overview of the Conspiracy," the "Objects and Purposes of the Conspiracy," "Manner and Means of the Conspiracy," and "Over Acts in Furtherance of the Conspiracy." See Indictment, pp. 3-13. Defendant respectfully directs the Court to the Indictment (Document No. 33) for its verbatim language, which Harville incorporates herein by reference for the purpose of his motion.

4

**LEGAL STANDARD**

Fed. R. Crim. P. 7(c)(1) requires an indictment to contain "…a plain, concise, and written statement of the essential facts constituting the offense charged," and a statement concerning those specific statute(s) a defendant is alleged to have violated. The "[t]he true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." See *United States v. Debrow*, 346 U.S. 374, 376 (1953) (parallel and internal citations omitted).

In addition, Fed. R. Crim. P. 12(b)(3) provides that a defendant may move to dismiss a charge based on a legal defect in the Indictment, based on grounds that the e Government would be unable—as a matter of law—to prove the elements of an offense charged beyond a reasonable doubt at trial. See e.g., *United States v. Brissette*, 919 F.3d 670, 675-76 (1st Cir. 2019). When a defendant moves to dismiss an offense charged in the Indictment under Fed. R. Crim. P. 12(b), the facts alleged are assumed to be true, and the Court's standard of analysis is whether the facts as presented are legally sufficient to state an offense. See *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014); see also *United States v. Musso,* 914 F.3d 26, 29-30 (1st Cir. 2019).

Fed. R. Crim. P. 18 states that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Therefore, when venue is challenged, the Government must prove by a preponderance of the evidence that venue is proper

5

as to each individual count. See *United States v. Salinas*, 373 F.3d 161, 163 (1st Cir. 2004) (internal citations omitted).

**ARGUMENT**

**I.      The Indictment Should Be Dismissed on "Duplicity" and "Multiplicity" Grounds.**

The United States Supreme Court has held that the indictment clause of the Fifth Amendment, and the notice clause of the Sixth Amendment under the United States Constitution mandate that an indictment "…sufficiently apprise the defendant of what he must be prepared to meet." See *Russell v. United States*, 369 U.S. 749, 763-64 (1962) (internal quotations and citations omitted); Fed. R. Crim. P. 7(c).  "Duplicity" is the joining in a single count of two or more distinct and separate offenses. Alternatively, "multiplicity" is when an indictment charges a single offense through several counts. See Fed. R. Crim. P. 12(b)(3)(B)(i)-(ii); *United States v. Verrecchia*, 196 F.3d 294, 297 (1st Cir. 1999) citing *United States v. Valerio*, 48 F.3d 58, 63 (1st Cir.1995).

18 U.S.C. § 2261A is the penal statute for the offense of "Stalking." 18 U.S.C. § 2261A(1)(B) criminalizes interstate travel with the intent to "…kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engages in conduct that…causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of subparagraph (A)…"  18 U.S.C. § 2261A(2)(B) criminalizes interstate travel "…with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course

of conduct that…causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A)…"

Under Count 4, Count 5, Count 8 and Count 9, "Victim 1" and "Victim 2" may be interchanged based on the "immediate family member" relationship as defined by 18 U.S.C. § 115(c)(2). Each of these counts are also based on the same federal "Stalking" statute. See 18 U.S.C. § 2261A. An indictment may not be duplicitous if it charges conjunctive allegations under a statute with alternative ways of violating the statute. See *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989). However, 18 U.S.C. § 2261A—by incorporating the penal statutes of 18 U.S.C. §§ 2261(b) or 2261B—does not provide for the same subject to the same punishment. See *Id*. In addition, "Victim 1" and "Victim 2" are "immediate family member(s)" as defined by 18 U.S.C. § 115(c)(2), which is incorporated by reference into both 18 U.S.C. §§ 2261A(1)(B) and 2261A(2)(B). The Indictment charges Harville with violating 18 U.S.C. § 2261A(1)(B) under Count 4 and Count 5, and with violating 18 U.S.C. § 2261A(2)(B) under Count 8 and Count 9. Each of the counts identify "Victim 1" and "Victim 2" as the victims of the "Stalking" conduct.

The wording of the Indictment presents substantial risks that a jury could convict Harville without having reached a unanimous verdict on the commission of a particular offense. See *United States v. Valerio*, 48 F.3d at 63 (1st Cir.1995); *United States v. Huguenin*, 950 F.2d 23, 26 (1st Cir. 1991) citing 8 MOORE'S FEDERAL PRACTICE ¶ 8.03[1] ("[O]ther concerns underlying prohibition against duplicity include protection of defendant's right to notice of the nature and cause of the proceedings against him, so that he may effectively prepare a defense[.]").

Based on their respective verbiage, Count 1, Count 4, Count 5, Count 8, and Count 9 require proof of common facts, thereby unconstitutionally fragmentizing the Indictment. In addition to the statutory interchangeability of "Victim 1" and "Victim 2" under 18 U.S.C. §

7

2261A(1)(B) and 2261A(2)(B) under Section 115(c)(2), the very wording of Count 1 substantiates prejudicial duplicity in the Indictment. Independent of the substantive "Stalking" counts, Count 1 charges the defendants with *Conspiracy To Commit Stalking Through Interstate Travel and Through Facilities of Interstate Commerce* (18 U.S.C. § 371). Harville respectfully submits the separate substantive "Stalking" counts are improperly grouped into a single conspiracy count, despite Subsections 2261A(1)(B) and 2261A(2)(B) being alternative theories under which a prosecution for "Stalking" may be based. Each count of an indictment must charge no more than one offense, and this rule also applies to a conspiracy charge. See *Marx v. United States*, 86 F.2d 245, 249 (8th Cir. 1936) ("A conspiracy to commit a crime is a separate offense from the crime that is the object of the conspiracy.").

Count 1, Count 4, Count 5, Count 8, and Count 9 not only require proof of common facts, but the statutes provide for different punishments under 18 U.S.C. § 2261(b) (or 18 U.S.C. § 2261B which is not applicable in the present case). The instant case is not one in which duplicity or multiplicity can be cured, because the manner in which the various counts are worded has resulted in an unconstitutional fragmentizing of the Indictment, thereby making dismissal the adequate remedy. Compare *United States v. Burton*, 871 F.2d at 1573 (11th Cir. 1989).

The Indictment as worded violates the Harville's constitutional rights under the indictment and notice clauses of the Fifth and Sixth Amendments, and should therefore be dismissed.

**II.     Count 8 and Count 9 Of The Indictment Fail To State a "Course of Conduct" As Defined By 18 U.S.C. 2266(2).**

The Indictment states the time period during which Harville allegedly violated 18 U.S.C. § 2261A(2)(B) (Stalking Through Facilities of Interstate Commerce), is "[f]rom on or about August 15, 2019 through on or about August 17, 2019…" See Indictment, p. 19 at ¶ 26. 18 U.S.C. § 2261A(2)(B) specifically contains the language "course of conduct," which is defined by 18

8

U.S.C § 2266(2) as "…a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose."  In *United States v. Bell*, 303 F.3d 1187, 1192 (9th Cir. 2002), the United States Court of Appeals for the Ninth Circuit noted, in relevant part, the "…the 2000 amendments to 18 U.S.C. § 2261A define 'course of conduct' to mean a pattern of conduct composed of two or more acts." The Indictment is facially inadequate because it is impossible from the four corners of Count 8 and Count 9 to delineate the specific acts that amount to a "course of conduct" relative to Victim 1 and Victim 2, and the interstate nature of the conduct as to Harville. See *Id*. at 1192 (9th Cir. 2002) citing *Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists,* 290 F.3d 1058, 1071 (9th Cir. 2002) ("Context is everything in threat jurisprudence.").

Without stating which two (2) or more acts amount to a "course of conduct" under the Indictment as defined by 18 U.S.C. § 2266(2), the Indictment should be dismissed for violating the indictment and notice clauses of the Fifth and Sixth Amendments.

### III. Count 12 Of the Indictment Fails To State The Nexus Between The Person Allegedly Misled And Whether The Information Would Be Relayed To A Federal Official Under 18 U.S.C. 1512(b)(3).

Count 12 of the Indictment charges Harville with the offense of *Tampering with a Witness* (18 U.S.C. § 1512(b)(3)) (herein, "Witness Tampering"), and aiding and abetting of the same during the time period "[f]rom on or about August 21, 2019 through on or about August 30, 2019…" See Indictment, p. 21 ¶ 30. The elements of 18 U.S.C. § 1512(b)(3) are that a defendant knowingly and willfully: (1) engaged in misleading conduct toward another person; (2) with the intent to hinder, delay, or prevent the communication of information to a federal official; (3) about the commission or the possible commission of a federal crime.

The Indictment states that Harville falsely told eBay investigators that he traveled to Boston to attend a conference, that he had not been in Natick, and had not interacted with the Victims or

the NPD.  See Indictment, p. 12, subparagraph (iii.).  The Indictment does not state that at the time when Harville spoke with an eBay investigator, the possible existence of a federal crime was known, or that Harville could have reasonably known eBay's internal investigator would relay information to a federal official.  See *United States v. Baldyga*, 233 F.3d 674, 680 (1st Cir. 2000) (holding that the requirements of the statute are satisfied so long as the possibility exists that the defendant's misinformation will eventually be communicated to federal officials).

The Indictment also alleges that on or about August 26, 2019, Harville falsely told eBay investigators that he did not know whether Zea had gone to Natick, and that he had not worked on a matter involving the Victims; and on or about August 27, 2019, Harville falsely told eBay investigators that he had attended a conference in Boston with Zea.  See Indictment, p. 12, subparagraph (kkk.) and (mmm.). These allegations—like that of subparagraph (iii) on Page 12 of the Indictment referenced above—concern Harville's interactions with a private sector, eBay internal corporate investigator. The wording of the Indictment does not comport with the legal requirements for a Witness Tampering charge under 18 U.S.C. § 1512(b)(3).  Notably, the term "law enforcement officer" is statutorily defined by 18 U.S.C. § 1515(a)(4), and its text set forth below, is incorporated by reference into 18 U.S.C. § 1512:

> (4) the term "law enforcement officer" means an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant—
> 
> (A) authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense; or
> 
> (B) serving as a probation or pretrial services officer under this title[.]

The Indictment does not state how an internal eBay investigator is a federal "law enforcement officer" under 18 U.S.C. § 1515(a)(4), or that Harville could reasonably have known

10

a conversation with another eBay corporate employee would be relayed to a federal law enforcement officer. In its letter to the Court (Saris, J.) dated October 1, 2021 (Document No. 109), the Government cited to the case of *United States v. Bailey*, 405 F.3d 102, 107 (1st Cir. 2005). In *Bailey*, the United States Court of Appeals for the First Circuit held, in relevant part, that a violation of 18 U.S.C. § 1512(b)(3) can occur if the defendant knew at the time that the witness could relay the information to a federal official. See Id. citing *United States v. Baldyga*, 233 F.3d 674, 680 (1st Cir.2000) (holding that the requirements of the statute are satisfied so long as the possibility exists that the defendant's misinformation will eventually be communicated to federal officials). *United States v. Guadalupe*, 402 F.3d 409, 411 (3d Cir. 2005) ("[P]roving a violation of 18 U.S.C. § 1512(b)(3) does not depend on the existence or imminency of a federal investigation but rather on the possible existence of a federal crime and a defendant's intention to thwart an inquiry into that crime by officials who happen to be federal."). The offense does not require a specific intent to mislead federal officials; rather, it is sufficient if the misleading information is likely to be transferred to a federal agent, and requires only that a defendant intended to hinder, delay, or prevent communication to any "law enforcement officer or judge of the United States" and does not require that a federal investigation be initiated nor that an official proceeding be ongoing

Count 12 is facially defective in charging Witness Tampering in violation of 18 U.S.C. § 1512(b)(3) because it fails to state the purported statements Harville made, whether said statements concern the commission or possible commission of a federal offense, and how an eBay investigator—or any other person involved—was a federal law enforcement officer, or that information would be relayed to one.

For the foregoing reasons, the Indictment is facially defective and Count 12 should be dismissed.

### IV. The Indictment Does Not Meet The Statutory Jurisdictional Requirement Under 18 U.S.C. § 1519.

18 U.S.C. § 1519 provides that "obstructive conduct" is that in which a defendant engaged with an "…intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States." See *United States v. Gray*, 642 F.3d 371, 376 (2d Cir. 2011). Unlike 18 U.S.C. § 1512(b)(3), 18 U.S.C. § 1519 does not contain a "nexus" element. See *United States v. Moyer*, 726 F. Supp. 2d 498, 510 (M.D. Pa. 2010).

Count 15 of the Indictment charges Harville with the offense of *Destruction, Alteration and Falsification of Records in a Federal Investigation*, as well as aiding and abetting the same in violation of 18 U.S.C. § 1519 (hereinafter, "Obstruction of Justice"). Specifically, the Indictment states that on or after August 26, 2019, Baugh, Harville, Popp, Zea, Gilbert, and others deleted and attempted to delete data from their mobile phones that evidenced the conspiracy, including WhatsApp messages. See Indictment, p. 12, subparagraph (lll.). In addition, the Indictment states that on or about August 30, 2019, Harville turned in his eBay-issued cell phone from which significant data related to his trip to Natick had been deleted. See Indictment, p. 13, subparagraph (qqq.).

The Obstruction of Justice charge in the Indictment is facially insufficient. There need not be a nexus between a defendant's conduct, and an imminent or pending official proceeding under Section 1519; *however,* there is a statutory jurisdictional requirement for Section 1519 to apply, because the "matter" must be in the purview of federal governmental administration. See *United States v. Gray*, 642 F.3d at 378 (2d Cir. 2011) ("[r]eports of excessive force at Queens Private Correctional Facility ("QPCF") were then referred to the OIG at the United States Department of Justice, and therefore, concerns a matter in the purview of federal governmental

12

administration…").  Distinguishable from *Gray*, Harville's case concerns his alleged interaction with a private sector internal investigator at eBay, and the eBay corporate investigator was not an agent of any kind (e.g., by contract, etc.) of an agency administered by the United States.  See *Id.* at 378 (2d Cir. 2011).

Notably, the investigation began with the Natick Police Department, and the Indictment does not allege that Harville interacted with a federal agent, or an agent contracted by the federal government.  This distinction is important, because the relationship between the federal government, and the "matter" alleged to have been "obstructed" is jurisdictional by statute in nature.  See *United States v. McRae*, 702 F.3d 806, 835 (5th Cir. 2012).  Count 15 of the Indictment fails to state a "relationship in time, causation, or logic" between the falsification of documents and a potential federal proceeding which the falsification had the "natural and probable effect" of obstructing.  See *United States v. Moyer*, 726 F. Supp. 2d 498, 509 (M.D. Pa. 2010) citing *United States v. Aguilar*, 515 U.S. 593, 598-600 (1995).  Similar to the Witness Tampering statute under 18 U.S.C. § 1512(b)(3), the question of federal government involvement—whether current or prospective—is pertinent because the Indictment does not establish that the content of the eBay-issued cell phone related to a matter under investigation by the United States. Without such information stated in the Indictment, Count 15 is facially defective, and should respectfully be dismissed.

**V.     Unspecified Contents of An eBay-Issued Cell Phone Are Not *Per Se* "Records, Documents, and Tangible Objects" Under 18 U.S.C. § 1519.**

The Indictment does not set out what content specific to Harville's eBay-issued cell phone related to a matter under the administration of the federal government.  The United States Supreme Court precedent provides that a "tangible object" under 18 U.S.C. § 1519 means that which is used to record or preserve information, and that "…not all objects in the physical world" qualify under

13

the statute. See *Yates v. United States*, 574 U.S. 528, 536 (2015) (parallel citations omitted). Although a cell phone could arguably be used to "record" or "preserve" information, the Indictment generalizes categories of information (e.g., *WhatsApp* messages, etc.), but fails to state the substantive content Harville is personally charged with deleting attributable to obstructive conduct. Notably, he is not charged in the Indictment with destroying the cell phone.

Count 15 broadly states the elements of 18 U.S.C. § 1519, but it does not set forth the documents or substantive text that is the subject of the alleged obstruction, and that the obstructive conduct concerned a matter within the purview of the federal government. See *U.S. v. Moyer*, 726 F.Supp.2d 498, 506 (U.S.D.C., M.D. Pa. 2010). The Indictment broadly states that Harville engaged in the "wiping" of his cell phone that eBay issued to him as its employee. The Indictment does not identify the substantive content deleted, and how the cell phone concerned a matter within the jurisdiction of the United States. This is a particularly necessary detail given the Indictment alleges the request made of Harville to turn in the cell phone was by an internal eBay corporate investigator.

For the reasons set forth above, Count 15 of the Indictment is facially insufficient and does not provide Harville with adequate notice of a violation 18 U.S.C. § 1519, and therefore should be dismissed pursuant to Fed. R. Crim. P. 12(b), the Fifth and Sixth Amendments to the United States Constitution. See *United States v. Debrow*, 346 U.S. at 376 (1953).

### VI. The District of Massachusetts Is Not the Proper Venue For Prosecuting Count 12 And Count 15.

Count 12 and Count 15 concern conducted by Harville alleged to have occurred outside of the District of Massachusetts. Harville, therefore, respectfully submits that the District of Massachusetts is not the appropriate venue for the Government to prosecute these counts. The conduct underlying the charged conduct is the "test" applied to determine the proper venue for

14

prosecution. See *United States v. Seward*, 967 F.3d 57, 60 (1st Cir. 2020).  Moreover, "…venue is a matter of important public policy, and proof of proper venue, in the absence of a waiver, is necessary for a conviction." See *United States v. Chagra*, 494 F. Supp. 908, 911 (D. Mass. 1980), s.c. sub nom. *U.S.A. v. Chagra*, 636 F.2d 311 (5th Cir. 1981), and rev'd, 653 F.2d 26 (1st Cir. 1981).

Harville respectfully submits, that pursuant to Fed. R. Crim. P. 12(b)(3)(A)(i), Count 12 and Count 15 of the Indictment should be dismissed for improper venue, in addition to the other grounds on which he moves for dismissal set forth above.

## CONCLUSION

For the reasons set forth herein above, defendant David Harville respectfully requests that this Honorable Court dismiss the Indictment in the above-captioned matter.

Respectfully submitted,

**DEFENDANT DAVID HARVILLE**

By his attorneys,

Dated: October 29, 2021

/s/ *Daniel K. Gelb*
Daniel K. Gelb, Esquire
BBO# 659703
**GELB & GELB LLP**
900 Cummings Center, Suite 207-V
Beverly, Massachusetts 01915
Telephone (617) 345-0010
Fax (617) 345-0009
dgelb@gelbgelb.com

>Jonathan D. McDougall, Esquire
>**THE LAW OFFICE OF**
>**JONATHAN D. MCDOUGALL**
>1640 Laurel Street
>San Carlos, CA 94070
>Telephone (650) 594-4200
>Fax (650) 594-4205
>jmcdougall.law@gmail.com
>*(appearing pro hac vice)*

### CERTIFICATE OF SERVICE

The undersigned counsel certifies that on October 29, 2021 this document was electronically filed with the Clerk of Court for the United States District Court for the District of Massachusetts using the CM/ECF system, which will send a notice of electronic filing (NEF) to all registered participants in the above-captioned action.

>/s/ *Daniel K. Gelb*
>Daniel K. Gelb, Esquire